# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-3096-CM |
| ) | No. 02-20075-01-CM |
| **ROBERT BURNETT,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On August 21, 2002, defendant Robert Burnett was indicted in the United States District Court for the District of Kansas for one count of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 – possession with intent to distribute fifty grams or more of cocaine base and aiding and abetting. On January 6, 2003, defendant entered into a plea agreement with the United States and pled guilty to the indictment. The plea agreement included a statement that defendant "knowingly and voluntarily waived any right to appeal or collaterally attack any matter in connection with this prosecution and sentence." The defendant was sentenced to 120 months imprisonment on Count One on March 24, 2003. On March 22, 2004, the defendant filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. 36). Defendant claims that his counsel was ineffective, and that but for counsel's ineffectiveness, defendant would not have signed the plea agreement. He also claims that his counsel was ineffective in failing to pursue an appeal on defendant's behalf.

Defendant requests an evidentiary hearing on his motion, but the court finds a hearing unnecessary

because, even taking defendant's allegations as true, he fails to state a claim for relief.

**I.     Standard**

Even where a defendant waived his post-conviction rights, he may file a habeas petition under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel which "pertains to the validity of the plea." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). In determining whether a habeas petitioner's trial counsel acted ineffectively, the court applies the general ineffective assistance of counsel standard identified by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an ineffective assistance of counsel claim. First, he must demonstrate that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must show that the trial counsel's deficient performance prejudiced him, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In the context of a challenge to a guilty plea, a petitioner must show that had it not been for the unsatisfactory advice of his counsel, he would not have entered a guilty plea to the charges. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover

> exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of the trial.

*Id.* at 59. A petitioner's "mere allegation" that he would have insisted on trial but for his counsel's errors is insufficient to entitle him to relief. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993)). The court looks to the factual circumstances surrounding the plea to determine whether a petitioner would not have entered a guilty plea. *Id.* (citations omitted).

## II.  Discussion

### A.  Guilty Plea

The drugs involved in this case were found during a traffic stop vehicle search. Defendant claims that his counsel erroneously told him that there were "no constitutional rights to the operation of a vehicle" and that "going to trial was not a good idea," and that based on this advice, defendant decided to enter a plea of guilty. The court finds that these are "mere allegations" and do not entitle defendant to relief.

Even assuming that counsel made these statements to defendant, the statements did not fall below an objective standard of reasonableness. Although counsel may not have thought that deprivation of a constitutional right was involved in this case, counsel still filed a motion to suppress on behalf of defendant and participated in an evidentiary hearing on the issue. Defendant has not alleged that counsel inadequately represented him during the hearing.

The court denied the suppression motion in a sixteen-page written order. The court's suppression ruling indicates that defendant was not prejudiced by counsel's statement – the court ultimately agreed that

defendant's constitutional rights were not violated in this instance. And defendant's allegation that counsel advised him that "going to trial was not a good idea" also does not fall below an objective standard of reasonableness; because the court denied the motion to suppress, the government's case would have included direct evidence that the drugs were seized from the car defendant was driving.

The court also notes that the factual circumstances surrounding the plea include admissions that defendant did not have any complaints about the way his attorney had represented him and that it was his own decision to plead guilty, which serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement).

Because defendant has failed to establish either prejudice or that counsel's actions fell below an objective standard of reasonableness, the court denies defendant's motion with respect to his guilty plea.

### B. Failure to File an Appeal

The court's ruling on defendant's first claim determines the ruling on defendant's second claim. Defendant claims that his counsel was ineffective for failing to file an appeal after he told defendant that he would. But defendant waived the right to appeal in his lawful plea agreement. Defendant also confirmed orally in his plea hearing that he understood that he was giving up appellate rights. The court finds that defendant's counsel was not ineffective for failing to pursue an appeal under these circumstances.

**IT IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 36) is denied.

-5-

Dated this 8th day of March 2006, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**