**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 04-3096-CM** |
| ) | **No. 02-20075-01-CM** |
| **ROBERT BURNETT,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On March 8, 2006, this court denied petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 36). The court held that defendant's counsel was not ineffective in advising him to plead guilty, and that, because defendant waived his right to appeal in the plea agreement, counsel also was not ineffective for failing to file a notice of appeal for defendant.

On its own motion, the court has reconsidered the second portion of its ruling. Based on the law set forth in *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005), the court finds that defendant is entitled to a hearing on whether he instructed counsel to file an appeal. The court will appoint counsel for defendant and set a hearing date in a subsequent order.

**IT IS THEREFORE ORDERED** that, on the court's own motion, the court's March 8, 2006 Memorandum and Order denying defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody is vacated in part. Defendant is entitled to a hearing, to be set by subsequent order, on whether his counsel was ineffective in failing to file an appeal.

Dated this 30th day of March 2006, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**